### SUSAN W. HATCH v. ERIE RAILROAD COMPANY.

Submitted December 2, 1915—Decided March 6, 1916.

Where a railroad company has established safety gates at a street crossing, and after a train has passed the gates are raised, and a traveler on the street undertakes to cross the railroad and is struck and injured by a train coming from the opposite direction, he is not guilty of contributory negligence because he did not stop, look and listen. Such a duty is abolished by statute. *Pamph. L.* 1909, *p.* 137.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff, *Charles B. Dunn.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff, walking along Ellison street, in the city of Paterson, approached the tracks of the defendant which crossed the street at grade. The defendant maintained safety gates at this crossing on each side of its right of way over which there were two lines of railroad tracks, one used for eastbound and the other for westbound trains. When she reached the crossing a train was passing over the westbound track, being the one nearest to her, the safety gate was down, and after the westbound train passed the crossing the gate next to which the plaintiff was standing was raised and she proceeded across the tracks, until she had about reached the eastbound track, when she saw a train coming and endeavored to clear the track without being hit, but was not successful, the cross-beam of the locomotive striking her and causing the injuries for which she recovered a verdict for $1,000. The de-

VOL. LXXXVIII.          35

fendant holds a rule to show cause why the verdict should not be set aside and a new trial granted and urges two reasons— *first,* that the finding of the jury that the statutory signals were not given was against the weight of the evidence, and *second,* that the verdict should have been directed in favor of the defendant upon the ground that the plaintiff was chargeable with contributory negligence as a matter of law. This case involves the application of an act entitled "An act with reference to the degree of care necessary to be used by travelers over railroad crossings protected by flagmen or safety appliances, or both." *Pamph. L.* 1909, *p.* 137. The act provides, in substance, that when a railroad company has established safety gates where its right of way crosses a public street, any person approaching such crossing shall, during such hours as a posted notice shall specify, be entitled to assume that such safety gate is in good order and will be properly operated unless a written notice be posted inscribed, "out of order," in a conspicuous place at the crossing, and that in any action brought for injuries caused at any such crossing, "no plaintiff shall be barred of his action because of his (the) failure of the person injured to stop, look and listen before passing over said crossing." It was held by the Court of Errors and Appeals, in *Fernetti* v. *West Jersey and Seashore Railroad Co.,* 87 *N. J. L.* 268, where, as in this case, the notice as required by the statute was not posted, that condition absolved the plaintiff from stopping, looking and listening. In the case now under consideration, the evidence upon the question whether statutory signals were given was disputed, there being testimony that persons so situated as to hear them if given did not, and thus it became a question for the jury, and their conclusion we are not disposed to set aside under the circumstances in this case. Whether a subsequent statute, which absolves a plaintiff under given circumstances from listening, modifies the statute which excuses a railroad company from the charge of negligence when the statutory signals are given, and deprives it of the excuse when it negligently raises the gates and thus invites persons to cross their

tracks, without listening for approaching trains, is not necessary in this case to be determined, although the argument that a person about to cross the track may rely upon an invitation to be implied from the raising of the gates and is not under any duty to listen for signals, or any other noise which an approaching train might make, for the signal cannot well be noticed unless one listens to hear it, is not without force. In the present case, however, assuming the statutory signals not to have been given, we think it is controlled by the statute referred to. The defendant had established gates at a railroad crossing; they were being operated, and no notice was posted that they were out of order, and so the plaintiff had a right to assume under this statute that the crossing was guarded by gates properly operated, and that a traveler crossing the same would be warned by the gate if there was any danger in doing so. The very object of this statute is to inform persons intending to cross the track whether they may safely do so, and the raising of the gate under such circumstances is an affirmative act of the defendant from which any person, intending to cross, had a right to infer that he could do so safely without stopping, looking or listening before doing so, and if under this statute the testimony in the case raised a question of contributory negligence to be submitted to the jury it was done, and the jury found that the plaintiff was not guilty of contributory negligence. The evidence supports this finding. Under the views above expressed, the present rule to show cause will be discharged.